## COTTON SMITH *vs.* MARCELLUS MILLER.

The construction of a drain from the land of one person with his consent across the land of another by the latter for his own sole benefit, and its continuance for twenty years, give the first no adverse use and enjoyment of an easement in the other's land.

ACTION OF TORT for obstructing a watercourse across the defendant's land in Hadley.

At the trial in the court of common pleas in Hampshire before *Morris,* J., the following facts appeared : The plaintiff bought from Charles P. Phelps in 1832, and had since occupied, land on the easterly side of a highway. The defendant owned land on the opposite side, to which he claimed title under Thaddeus Smith, who owned it from 1828 to 1835. The alleged watercourse or drain ran from a pond or marsh on the plaintiff's land across the highway and the defendant's land to Mill River. The

surveyor of highways, for more than sixty years before the acts complained of, to protect the highway from washing, had kept open a passage way for water from the pond on the plaintiff's land across the highway to Mill River, by letting logs into the highway. In 1829 or 1830, Thaddeus Smith, being desirous for his own benefit of constructing a more permanent drain from the pond, obtained permission from Phelps to dig one from the lower part of the pond across the highway and his own land to Mill River. This was done with the concurrence and assistance of the surveyor of highways, and in a different place from the old passage, which in course of time became filled up, so that the new drain was the only passage for water from the pond.

The plaintiff contended that whether the use of the drain by Phelps was permissive or not, yet if the plaintiff, when he bought the land in 1832, found a drain there, and continued to use it for twenty years, such use would give him a prescriptive right, and that there need be no other evidence of its being adverse than the mere existence of the channel, and the flow of water therein, whenever it did flow. The defendant contended that evidence tended to show that said channel was constructed by Thaddeus Smith solely for his own benefit and convenience, and that he and his successors had always treated it and the draining of the water through that channel as their own proper privilege, and had never known it to be claimed by the plaintiff as a right, or enjoyed by him under such claim, and that the plaintiff had never set up such claim until within a period of much less than twenty years.

The plaintiff contended that if there was either a natural watercourse or a drain by prescription from the plaintiff's land over the defendant's land, and Thaddeus Smith had made a new channel as a substitute for the old one, and the water had been accustomed to flow in the old channel until the new one was built, and in the new one since that time, the defendant, if he had obstructed the new one, and caused the plaintiff damage, would be liable. And the jury were so instructed on this point; full instructions being also given as to what would

constitute a natural watercourse, and as to a right by prescription.

The judge further instructed the jury that if they were satisfied that Charles P. Phelps gave Thaddeus Smith, when occupying the defendant's land, permission to make the new passage way for Smith's exclusive benefit and advantage, making no claim himself to have it there, the subsequent use of it would be presumed to be permissive, and in accordance with the original arrangement between the parties, until the plaintiff asserted some claim or exercised some right, indicating that he made a claim adverse to the right of the defendant or his grantors; and that the plaintiff would not acquire a right to have the water run there, as against the defendant and his grantors, until twenty years after such assertion of claim or exercise of right, which might be in various ways, such as making repairs or giving notice of the claim.

The judge also instructed the jury, as requested by the plaintiff's counsel, that if they were satisfied that there was a natural watercourse running through the plaintiff's land, which discharged itself across the highway and across the defendant's land, or if they were satisfied the plaintiff had acquired an easement by having had the water flow from his land through the original channel or any one substituted for it by the defendant or his predecessors for twenty years without interruption, under a claim of right, and not permissively, and if they were satisfied that the defendant had obstructed it, the defendant would be liable in damages.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*E. Dickinson*, for the plaintiff.

*C. Delano*, for the defendant.

MERRICK, J.   It is settled by the verdict, as well as now conceded by the parties, that there never was any natural stream from the land of the plaintiff to and across the land of the defendant, nor any artificial channel for the passage of water other than that which was constructed there by Thaddeus Smith for his own convenience and advantage.   To the use of this chan-

nel, thus constructed by him for his own purposes only, the plaintiff claims to have acquired an absolute right, and to have become legally entitled, because it existed when his land was conveyed to him by Charles P. Phelps, and the water has ever since and for more than twenty years continued to flow through the same without interruption.

A right to an easement of that kind in the land of another may undoubtedly be acquired by the actual enjoyment of it, provided that the enjoyment is adverse, uninterrupted and of sufficient continuance and duration. But the use, the adverse possession and uninterrupted enjoyment, which are facts necessary to establish the right, must be shown by competent and satisfactory evidence, and are therefore necessarily open to denial, contradiction and disproof by the party against whom they are asserted. The actual exercise or enjoyment of the right contended for may be *prima facie* evidence of prescription, and therefore, if uncontrolled, sufficient to show title to the easement which is claimed. *Dare* v. *Heathcote*, 36 Eng. Law & Eq. 564. But it is after all only evidence which may be encountered and controlled by accompanying facts and circumstances, or by proof derived from other and distinct sources. *Gray* v. *Bond*, 2 Brod. & Bing. 667. In *Livett* v. *Wilson*, 3 Bing. 115, Chief Justice Best, in delivering the opinion of the court, said he would not dispute that if there had been an uninterrupted usage for twenty years, the jury would be authorized to presume that it originated in a deed ; that they might, not that they must, presume it ; and that if circumstances were disclosed in the evidence, inconsistent with such presumption, they were to be weighed and considered in coming to a decision. So in another case, where the original possession was accounted for, it was held, that it was a question for the jury to say whether the continuance was to be attributed to want of care and attention on the part of the owner, or to the fact of a conveyance having been made on a title acquired. *Doe* v. *Reed*, 5 B. & Ald. 232. So in this commonwealth it has been expressly determined, that in order to make the use of an easement in another's land for twenty years conclusive of the right, it is

incumbent upon the party who claims it to prove that the use was adverse, uninterrupted, and with the knowledge and acquiescence of the owner of the land ; and that each of these qualities or ingredients essential to the maintenance of the claim is open to contradiction and liable to be disproved.   *Sargent* v. *Ballard,* 9  Pick. 251.   *White* v. *Loring,* 24  Pick. 319.   *Stevens* v. *Taft, ante,* 33.

In the present case therefore the judge who presided at the trial very properly refused to rule, in conformity to the request of the plaintiff's counsel, that the plaintiff had acquired a prescriptive right to the use of the channel dug on the defendant's land, by the mere flowing of the water through it from his own for a period of twenty years, without regard to the accompanying facts and the other evidence in the case.   That evidence tended directly to prove that there had never been any adverse use of the channel by the plaintiff; but that it was originally constructed and always afterwards maintained by Thaddeus Smith in his own way and for his own purposes, and without any acquiescence in or knowledge of any claim or pretence of claim of· right set up to its enjoyment by the plaintiff.   And the jury were with equal propriety and correctness advised, that if Thaddeus Smith dug and constructed the whole of the new channel for his own exclusive benefit and advantage and with the consent of Charles P. Phelps, who then owned the land east of the highway and who made no claim of right to use it for himself, the flowing of the water through it and over the defendant's land must be considered to have been afterwards permissive and in accordance with the original agreement of the parties, until the plaintiff asserted some claim or exercised some right indicating that he made or intended to assert a claim adverse to the right of the defendant or of his predecessors.   The law presumes, where the existence of a personal relation or a particular state of things has been established by proof, that it continues to exist as before until the contrary is shown, or until a different presumption arises from the nature of the subject in question. 1 Greenl. Ev. § 46.                     `   *Exceptions overruled.*